**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

BRYAN A.Q.C.,

                        Petitioner,

v.

TODD LYONS, *Acting Director, Immigration and Customs Enforcement*;

MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*;

TODD BLANCHE, *Acting U.S. Attorney General*;

DAVID EASTERWOOD, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*; and

DAREN MARGOLIN*, Director, Executive Office for Immigration Review*,

                        Respondents.

Civil No. 26-3165 (JRT/EMB)

**MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

---

Shana L. Drengenberg, **ANDERSON & ANDERSON LAW FIRM,** 2900 Washington Avenue North, Minneapolis, MN 55411, for Petitioner.

Carl Berry and David W. Fuller, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Respondents.

Petitioner Bryan A.Q.C. is a citizen of Ecuador who is currently in Immigration and Customs Enforcement ("ICE") custody in Minnesota.  On July 1, 2026, Petitioner filed a

Petition for a Writ of Habeas Corpus alleging that his arrest and continued detention violate the Fourth and Fifth Amendments of the U.S. Constitution, the Immigration and Nationality Act ("INA"), and the Administrative Procedure Act ("APA").  He filed an Amended Petition the following day.  Because the Court concludes that Petitioner's conditional parole was not properly terminated before he was detained, the Court will grant the Amended Petition.

## BACKGROUND

### I.   FACTS

Petitioner is a citizen of Ecuador.  (Am. Pet. for Writ of Habeas Corpus ("Am. Pet.")[1] at 4, July 2, 2026, Docket No. 4.)  He lives in Minneapolis.  (*Id.* at 10.)

Petitioner entered the United States on November 10, 2022, without inspection. (*Id*.)  On November 14, 2022, the Department of Homeland Security ("DHS") granted Petitioner parole pursuant to INA § 212(d)(5) [8 U.S.C. § 1182(d)(5)].  (Decl. of William J. Robinson ("Robinson Decl.") ¶ 4 & Ex. A.)  Petitioner alleges that he "entered the United States because he feared persecution in his home country of Ecuador."  (Am. Pet. at 10.)

Petitioner's parole expired on January 14, 2023.  (Robinson Decl. ¶ 4 & Ex. A.) Petitioner was placed in removal proceedings on March 7, 2024, when ICE served him with a Notice to Appear.  (Am. Pet. at 11; *see also* Robinson Decl. ¶ 5 & Ex. C (Notice to

---

[1] Petitioner filed an Amended and Verified Petition for Writ of Habeas Corpus (Docket No. 4) in response to the Court's Order of July 2, 2026 (Docket No. 3).

Appear).)  That same day, Petitioner was released on his own recognizance pursuant to "section 236 of the Immigration and Nationality Act [8 U.S.C. § 1226.]"  (Robinson Decl. ¶ 5 & Ex. D.) The Order of Release on Recognizance indicates that as conditions of release, Petitioner "must not violate any local, State or Federal laws or ordinances" and that Petitioner must not "commit any crimes while on this Order of Release on Recognizance." (*Id.*, Ex. D.)

In October 2024, Petitioner was convicted for driving while under the influence of alcohol.  (*Id.* ¶ 6.; *see also* Am. Pet. at 7.)  In October 2025, Petition was again arrested for driving while under the influence of alcohol; that case remains pending.  (Robinson Decl. ¶ 7.)

On January 3, 2025, Petitioner submitted an Application for Asylum.  (Am. Pet. at 11.)  This application is still pending.  (*Id.*)

On July 1, 2026, Petitioner attended a standard ICE check-in appointment at Fort Snelling.  (*Id.* at 2; *see also* Robinson Decl. ¶ 8.)  Respondents allege that "ICE. . . ran his criminal background and discovered that Petitioner had violated the terms of his [Order of Release on Recognizance] due to his criminal activity, and properly canceled [his Order]."  (Fed. Resp'ts' Resp. ("Resp.") at 8, July 7, 2026, Docket No. 8).  In support of this characterization of events, Respondents cite paragraph 8 of the Robinson Declaration, which states that "[ICE] officers conducted a records check and determined Petitioner had multiple criminal charges since being released on [Order of Release on Recognizance]."

But the Robinson Declaration does not address the cancellation of the Order of Release on Recognizance. (*See* Robinson Decl.) In the Copy of the Order of Release on Recognizance provided by Respondents, however, the ICE Official cancelling the Order checked the box which indicated that the Order was being canceled because "The alien was taken into custody for removal." (*Id.*, Ex. D.) The box that would indicate "The alien failed to comply with the conditions of release" was **not** checked. (*Id.*)

## II.   PROCEDURAL HISTORY

On July 1, 2026, Petitioner filed a Petition for Writ of Habeas Corpus, contending that his arrest and detention are unlawful under the Fourth and Fifth Amendments, the INA, and the APA. (Pet. for Writ of Habeas Corpus ("Pet."), July 1, 2026, Docket No. 1.) On July 2, 2026, the Court directed Petitioner to file a verified petition and Respondents to file a reasoned memorandum responding to Petitioner's claims. (July 2, 2026, Docket No. 3.) Petitioner filed an amended and verified petition the same day. (*See* Am. Pet.) Also on July 2, Federal Respondents moved for an extension of time to file a response (Docket No. 6), which the Court granted (Docket No. 7). Respondents timely filed a response (Docket No. 8), and Petitioner replied (Docket No. 9).

## DISCUSSION

## I.   STANDARD OF REVIEW

"[A]bsent suspension" by Congress, the Constitution guarantees that the "writ of habeas corpus remains available to every individual detained within the United States."

*Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. 1, § 9, cl. 2).  District courts can provide habeas relief to persons detained in violation of the Constitution or laws of the United States.  28 U.S.C. § 2241(c)(3).

## II.    ANALYSIS

Petitioner's release on recognizance on March 7, 2024, granted him a "conditional parole" pursuant to 8 U.S.C. § 1226(a), in contrast to the "humanitarian parole" he received in November 2022.  *See Roberto B.Q. v. Lyons*, Civ. No. 26-2656 (D. Minn. June 10, 2026).[2]

Petitioner argues that his conditional parole was not properly revoked by DHS prior to his detention.  The Court agrees.

Petitioner was released in March 2024 under a Form I-220A Order of Release, and as such Petitioner's release is governed by 8 C.F.R. §§ 236.1(c)(9).  That section reads, in full:

> When an alien who, having been arrested and taken into custody, has been released, such release may be revoked at any time in the discretion of the district director, acting district director, deputy district director, assistant district director for investigations, assistant district director for detention and deportation, or officer in charge (except foreign), in which event the alien may be taken into physical custody and detained.  If detained, unless a breach has

---

[2] *Compare Aldana v. Collins*, 822 F. Supp. 3d 747 (W.D. Tex. 2026) ("Humanitarian parole is the form of release available under the INA for an 'arriving' noncitizen who is subject to mandatory detention under § 1225(b)(2)(A)."), *with Sandhu v. Mullin*, 7:26CV5009, 2026 WL 1146643, at *3 (D. Neb. Apr. 28, 2026) (concluding that a "noncitizen conditionally paroled" under § 1226(a) is "analogous to a criminal parolee").

occurred, any outstanding bond shall be revoked and canceled.

8 C.F.R. §§ 236.1(c)(9).

First, Respondents did not provide any evidence—in the Form I-220A itself or in the accompanying declaration—that the Deportation Officer who canceled Petitioner's order of release had the authority to revoke Petitioner's conditional parole. *See id.*

Second, Respondents did not provide a lawful reason for revocation on Form I-220A purporting to revoke Petitioner's Order of Release on Recognizance. The bottom of Form I-220A provides space for the "Signature of ICE Official Canceling Order" and provides two options for the reason for revocation: "The alien failed to comply with the conditions of release" or "The alien was taken into custody for removal." (Robinson Decl., Ex. D.) The individual who signed Petitioner's revocation order indicated that Petitioner's release was revoked because he "was taken into custody for removal." (*Id.*) But Respondents do not argue that Petitioner is subject to a final order of removal. Rather, in their briefing and declaration evidence, Respondents contradict the representation on the cancellation order and argue that Petitioner was detained because "Petitioner had violated the terms of his [Order of Release on Recognizance] due to his criminal activity . . . ." (Resp. at 8.) But the box that would indicate that the Petitioner "failed to

comply with conditions of release" was **not** checked on the Form I-200A. (Robinson Decl., Ex. D.)[3]

In short, the Court concludes that at the time of Petitioner's detention, ICE did not indicate a lawful reason for revoking Petitioner's conditional parole, and providing a new one later cannot remedy that error. *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 20 (2020 (explaining that "a foundational principle of administrative law" is that "judicial review of agency action is limited to the grounds that the agency invoked when it took the action" (cleaned up)). Because Respondents did not lawfully revoke Petitioner's conditional parole, the Court concludes that the order releasing Petitioner was operative at the time Petitioner was detained, and it remains operative.[4]

Respondents suggest that the Court should simply order that Petitioner receive a bond hearing, since Petitioner was initially detained and granted parole pursuant to 8 U.S.C. §1226(a). But at this juncture, "a bond hearing cannot cure the fact that [Petitioner] is presently detained while 'the order releasing him on his own recognizance remains operative.'" *Roberto B.Q.*, Civ. No. 26-2656, slip op. at 5 (quoting *Hernandez-*

---

[3] Although Petitioner was also served with an I-200, Warrant for Arrest of Alien (*id.* ¶ 9), the justification provided on this form also relates to "biometric confirmation of subject's identity" indicating that the "subject . . . is removable under U.S. immigration law" (*id.*, Ex. F).

[4] *See, e.g.*, *Roberto B.Q.*, Civ. No. 26-2656 (concluding that a habeas petitioner's order for release on his own recognizance remains in effect when the cancellation section of his order was completely blank); *Sandhu*, 2026 WL 1146643 (same); *Ebu v. Tindall*, Civ. No. 25-779, 2026 WL 252899 (W.D. Ky. Jan. 30, 2026) (same); *Singh v. Noem*, 824 F. Supp. 3d 1197, 1212 (D.N.M. 2026) (same); *C.F.M.E. v. Bullock*, Civ. No 26-2269, 2026 WL 1471907 (W.D. Tenn. May 26, 2026) (same).

*Torres v. Mullin*, 8:26CV214, 2026 WL 1430705, at *2 (D. Neb. May 21, 2026)); *see also*

*Munaf v. Green*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful

executive detention . . . .  The typical remedy for such detention is, of course, release.");

*Francisco M.A. v. Blanche*, Civ. No. 26-2032, 2026 WL 1229701, at *3 (D. Minn. May 5,

2026) ("Because ICE failed to comply with federal immigration law when arresting and

detaining Petitioner . . . release is the proper remedy.")

Because Petitioner's conditional parole was not properly revoked before he was

detained, and the Court concludes that this failure by ICE to follow its own procedures

warrants release, the Court will offer no view on the merits of Petitioner's claims under

the INA or the Fourth and Fifth Amendments.

## CONCLUSION

The Court concludes that ICE failed to provide a lawful basis for revoking

Petitioner's conditional parole, that his parole remains intact, and that his present

detention is therefore unlawful.  Accordingly, the Court will order his immediate release.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS

HEREBY ORDERED** that Petitioner Bryan A.Q.C.'s Amended Petition for Writ of Habeas

Corpus (Docket No. [4]) is **GRANTED** as follows:

1. Respondents shall **RELEASE** Petitioner from custody as soon as practicable, and **no

   later than 48 hours from the filing of this Order**.

2. Respondents must release Petitioner with all personal effects, such as driver's licenses, passports, or immigration documents, and **without any new conditions**. Respondents must also coordinate with Petitioner's counsel to ensure safe release.

3. The parties shall provide the Court with a status update concerning the status of Petitioner's release by **no later than 5:00 p.m. on July 13, 2026**.  Further, the parties shall advise the Court whether any additional proceedings in this matter are required and submit any proposals for the scope of further litigation.

DATED: July 10, 2026                             _____/s/ John R. Tunheim_____
at Minneapolis, Minnesota.                         JOHN R. TUNHEIM
                                                   United States District Judge